# U.S. District Court
# Western District of Missouri (Kansas City)
# CIVIL DOCKET FOR CASE #: <u>4:14−cv−00815−BCW</u>
## *Internal Use Only*

Federal Trade Commission v. BF Labs, Inc. et al
Assigned to: District Judge Brian C. Wimes
Cause: 15:0053 Federal Trade Commission Act

Date Filed: 09/15/2014
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: U.S. Government Plaintiff

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **Federal Trade Commission** | represented by | **Charles M. Thomas** |

United States Attorney's Office
Western District of Missouri
400 E. 9th St.
Room 5510
Kansas City, MO 64106
(816) 426−3130
Fax: (816) 426−3165
Email: <u>charles.thomas@usdoj.gov</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Helen Wong**
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Stop CC−10232
Washington, DC 20580
202−326−3779
Email: <u>hwong@ftc.gov</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Leah Frazier**
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Stop CC−10232
Washington, DC 20580
202−326−2187
Fax: 202−326−3768
Email: <u>lfrazier@ftc.gov</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Teresa N. Kosmidis**

Federal Trade Commission
600 Pennsylvania Avenue, NW
CC–10308
Washington, DC 20580
202–326–3216
Email: tkosmidis@ftc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

V.

**Receiver**

**Eric L. Johnson**                    represented by    **Andrea M Chase**

Spencer, Fane, Britt & Browne
LLP–KCMO
1000 Walnut Street
Suite 1400
Kansas City, MO 64106–2140
816–474–8100
Fax: 816–474–3216
Email: achase@spencerfane.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Bryant T. Lamer**
Spencer, Fane, Britt & Browne
LLP–KCMO
1000 Walnut Street
Suite 1400
Kansas City, MO 64106–2140
(816) 474–8100
Fax: (816) 474–3216
Email: blamer@spencerfane.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Katie Jo New Wheeler**
Spencer, Fane, Britt & Browne
LLP–KCMO
1000 Walnut Street
Suite 1400
Kansas City, MO 64106–2140
(816) 474–8100
Fax: (816) 474–3216
Email: kwheeler@spencerfane.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Kersten Holzhueter**
Spencer, Fane, Britt & Browne
LLP–KCMO
1000 Walnut Street
Suite 1400
Kansas City, MO 64106–2140
(816) 474–8100
Fax: (816) 474–3216
Email: kholzhueter@spencerfane.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

V.

**Defendant**

**BF Labs, Inc.**                                    represented by
*a Wyoming corporation*
*doing business as*
Butterfly Labs

**Braden M. Perry**
Kennyhertz Perry LLC
7301 Mission Road
Suite 107
Prairie Village, KS 66208
(913) 871–5885
Fax: (855) 844–2914
Email: braden@kennyhertzperry.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**James M. Humphrey**
Polsinelli PC – KCMO
900 W. 48th Place
Kansas City, MO 64112
(816)421–3355
Fax: (816)374–0509
Email: jhumphrey@polsinelli.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Michael S. Foster**
Polsinelli PC – KCMO
900 W. 48th Place
Kansas City, MO 64112
816–753–1000
Fax: 816–753–1536
Email: mfoster@polsinelli.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Miriam Bailey**
Polsinelli PC – KCMO
900 W. 48th Place

Kansas City, MO 64112
(816) 753–1000
Fax: (816) 753–1536
Email: mbailey@polsinelli.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Defendant**

**Darla Drake**
*an individual*

represented by

**Braden M. Perry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**James M. Humphrey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Michael S. Foster**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Miriam Bailey**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Defendant**

**Nasser Ghoseiri**
*an individual*

**Defendant**

**Sonny Vleisides**
*an individual*

represented by

**James M. Humphrey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Braden M. Perry**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Michael S. Foster**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

Miriam Bailey
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Intervenor**

**Kyle Alexander**                    represented by    **Aristotle N. Rodopoulos**
Wood Law Firm LLC
1100 Main Street
Suite 1800
Kansas City, MO 64105
(816) 256–3582
Fax: (816) 337–4243
Email: ari@woodlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Noah K. Wood**
1100 Main, Suite 1800
Kansas City, MO 64105–5171
(816)256–3582
Fax: (816)337–4243
Email: noah@woodlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Intervenor**

**Dylan Symington**                   represented by    **Aristotle N. Rodopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Noah K. Wood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 09/15/2014 | 2 | | COMPLAINT against All Defendants filed by Helen Wong on behalf of Federal Trade Commission. Filing fee waived. (Attachments: # 1 Civil Cover Sheet)(Jones, Robin) (Entered: 09/17/2014) |
| 09/17/2014 | 4 | | MOTION for leave to file excess pages filed by Helen Wong on behalf of Federal Trade Commission. Suggestions in opposition/response due by |

| | | | |
|---|---|---|---|
| | | | 10/6/2014 unless otherwise directed by the court. (Wong, Helen) (Entered: 09/17/2014) |
| 09/17/2014 | 5 | | CERTIFICATE of counsel *Pursuant to Rule 65* by Helen Wong on behalf of Federal Trade Commission (Wong, Helen) (Entered: 09/17/2014) |
| 09/17/2014 | 6 | | NOTICE of filing *Plaintiff's Suggestion of Temp Receiver* by Federal Trade Commission (Attachments: # 1 Exhibit CV)(Wong, Helen) (Entered: 09/17/2014) |
| 09/17/2014 | | | SUMMONS ISSUED as to BF Labs, Inc., Darla Drake, Nasser Ghoseiri, Sonny Vleisides. (Martin, Jan) (Entered: 09/17/2014) |
| 09/19/2014 | 10 | | ORDER granting 4 motion for leave to file excess pages. Signed on 9/19/14 by District Judge Brian C. Wimes. This is a TEXT ONLY ENTRY. No document is attached.(Baldwin, Joella) (Entered: 09/19/2014) |
| 09/22/2014 | 11 | | NOTICE of appearance by Kersten Holzhueter on behalf of Eric L. Johnson (Attorney Kersten Holzhueter added to party Eric L. Johnson(pty:rc))(Holzhueter, Kersten) (Entered: 09/22/2014) |
| 09/22/2014 | 12 | | NOTICE of appearance by Bryant T. Lamer on behalf of Eric L. Johnson (Attorney Bryant T. Lamer added to party Eric L. Johnson(pty:rc))(Lamer, Bryant) (Entered: 09/22/2014) |
| 09/22/2014 | 13 | | NOTICE of appearance by Katie Jo New Wheeler on behalf of Eric L. Johnson (Attorney Katie Jo New Wheeler added to party Eric L. Johnson(pty:rc))(Wheeler, Katie Jo) (Entered: 09/22/2014) |
| 09/22/2014 | 14 | | SUGGESTIONS in opposition to motion *Filed by FTC* filed by James M. Humphrey on behalf of Defendant BF Labs, Inc.. Reply suggestions due by 10/9/2014 unless otherwise directed by the court (Attorney James M. Humphrey added to party BF Labs, Inc.(pty:dft))(Humphrey, James) Modified on 9/24/2014 to correct docket text event(Wheeler, LaTandra). (Entered: 09/23/2014) |
| 09/23/2014 | 15 | | MOTION for hearing */to Present Live Testimony* filed by James M. Humphrey on behalf of BF Labs, Inc.. Suggestions in opposition/response due by 10/10/2014 unless otherwise directed by the court. (Humphrey, James) (Entered: 09/23/2014) |
| 09/23/2014 | 16 | | NOTICE of appearance by James M. Humphrey on behalf of BF Labs, Inc. (Humphrey, James) (Entered: 09/23/2014) |
| 09/23/2014 | 17 | | DISCLOSURE OF CORPORATE INTERESTS filed by James M. Humphrey on behalf of Defendant BF Labs, Inc..(Humphrey, James) (Entered: 09/23/2014) |
| 09/23/2014 | 18 | | NOTICE of appearance by Miriam Bailey on behalf of BF Labs, Inc. (Attorney Miriam Bailey added to party BF Labs, Inc.(pty:dft))(Bailey, Miriam) (Entered: 09/23/2014) |
| 09/23/2014 | 19 | | NOTICE of appearance by Braden M. Perry on behalf of BF Labs, Inc. (Attorney Braden M. Perry added to party BF Labs, Inc.(pty:dft))(Perry, Braden) (Entered: 09/23/2014) |
| 09/23/2014 | 20 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE of appearance by Michael S. Foster on behalf of BF Labs, Inc. (Attorney Michael S. Foster added to party BF Labs, Inc.(pty:dft))(Foster, Michael) (Entered: 09/23/2014) |
| 09/23/2014 | 21 | | NOTICE of appearance by Andrea M Chase on behalf of Eric L. Johnson (Attorney Andrea M Chase added to party Eric L. Johnson(pty:rc))(Chase, Andrea) (Entered: 09/23/2014) |
| 09/23/2014 | 22 | | NOTICE OF HEARING – This is the official notice for this hearing. Show Cause Hearing set for 9/29/2014 at 9:00 AM in Courtroom 7D, Kansas City (BCW) before District Judge Brian C. Wimes. (Baldwin, Joella) (Entered: 09/23/2014) |
| 09/23/2014 | 23 | | MOTION for release of funds *from Frozen Assets (Stipulated)* filed by Bryant T. Lamer on behalf of Eric L. Johnson. Suggestions in opposition/response due by 10/10/2014 unless otherwise directed by the court. (Lamer, Bryant) (Entered: 09/23/2014) |
| 09/23/2014 | 24 | | MOTION for hearing */to present live testimony* filed by Leah Frazier on behalf of Federal Trade Commission. Suggestions in opposition/response due by 10/10/2014 unless otherwise directed by the court. (Frazier, Leah) (Entered: 09/23/2014) |
| 09/24/2014 | 25 | | ORDER granting 23 motion for release of funds. Signed on 9/24/14 by District Judge Brian C. Wimes. (Baldwin, Joella) (Entered: 09/24/2014) |
| 09/24/2014 | 26 | | ORDER granting 24 the FTC's Motion to Present Live Testimony at Preliminary Injunction Hearing. Signed on 9/24/14 by District Judge Brian C. Wimes. (Baldwin, Joella) (Entered: 09/24/2014) |
| 09/24/2014 | 27 | | ORDER granting 15 motion for hearing. Signed on 9/24/14 by District Judge Brian C. Wimes. (Baldwin, Joella) (Entered: 09/24/2014) |
| 09/24/2014 | 28 | | NOTICE of filing *Rule 45 Subpoena Requesting The Production of Documents and Other Tangible Things* by BF Labs, Inc. (Attachments: # 1 Exhibit 1)(Foster, Michael) (Entered: 09/24/2014) |
| 09/24/2014 | 29 | | NOTICE of appearance by Teresa N. Kosmidis on behalf of Federal Trade Commission (Kosmidis, Teresa) (Entered: 09/24/2014) |
| 09/24/2014 | 30 | | NOTICE of appearance by James M. Humphrey on behalf of Sonny Vleisides (Attorney James M. Humphrey added to party Sonny Vleisides(pty:dft))(Humphrey, James) (Entered: 09/24/2014) |
| 09/24/2014 | 31 | | NOTICE of appearance by James M. Humphrey on behalf of Darla Drake (Attorney James M. Humphrey added to party Darla Drake(pty:dft))(Humphrey, James) (Entered: 09/24/2014) |
| 09/24/2014 | 32 | | NOTICE of appearance by Miriam Bailey on behalf of Sonny Vleisides (Attorney Miriam Bailey added to party Sonny Vleisides(pty:dft))(Bailey, Miriam) (Entered: 09/24/2014) |
| 09/24/2014 | 33 | | NOTICE of appearance by Miriam Bailey on behalf of Darla Drake (Attorney Miriam Bailey added to party Darla Drake(pty:dft))(Bailey, Miriam) (Entered: 09/24/2014) |
| 09/24/2014 | 34 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE of appearance by Michael S. Foster on behalf of Sonny Vleisides (Attorney Michael S. Foster added to party Sonny Vleisides(pty:dft))(Foster, Michael) (Entered: 09/24/2014) |
| 09/24/2014 | 35 | | NOTICE of appearance by Michael S. Foster on behalf of Darla Drake (Attorney Michael S. Foster added to party Darla Drake(pty:dft))(Foster, Michael) (Entered: 09/24/2014) |
| 09/24/2014 | 36 | | NOTICE of appearance by Braden M. Perry on behalf of Darla Drake (Attorney Braden M. Perry added to party Darla Drake(pty:dft))(Perry, Braden) (Entered: 09/24/2014) |
| 09/24/2014 | 37 | | NOTICE of appearance by Braden M. Perry on behalf of Sonny Vleisides (Attorney Braden M. Perry added to party Sonny Vleisides(pty:dft))(Perry, Braden) (Entered: 09/24/2014) |
| 09/25/2014 | 38 | | NOTICE OF HEARING – This is the official notice for this hearing. Discovery Dispute Teleconference set for 9/25/2014 at 11:30 a.m., before District Judge Brian C. Wimes. Parties have been provided conference call–in numbers via e–mail.(Baldwin, Joella) (Entered: 09/25/2014) |
| 09/25/2014 | 39 | | Minute Entry. Proceedings held before District Judge Brian C. Wimes: DISCOVERY Teleconference held on 9/25/2014. Court grants Plaintiff's oral motion to seal Doc. # 28 and finds as moot Plaintiff's oral motion to quash and strike same. To order a transcript of this hearing please contact Denise Halasey, 816–512–5657. (Baldwin, Joella) Modified on 9/25/2014 (Baldwin, Joella). (Entered: 09/25/2014) |
| 09/25/2014 | 40 | | Receiver BOND in the amount of $ $15,000.00 posted by Eric L. Johnson (The Ohio Casualty Insurance Company. Original Bond papers are being maintained in the Clerk's Office. (Martin, Jan) (Entered: 09/25/2014) |
| 09/26/2014 | 41 | | MOTION for leave to file excess pages filed by Helen Wong on behalf of Federal Trade Commission. Suggestions in opposition/response due by 10/14/2014 unless otherwise directed by the court. (Wong, Helen) (Entered: 09/26/2014) |
| 09/27/2014 | 42 | | REPLY SUGGESTIONS to motion re 14 *Reply in Support of PI* filed by Helen Wong on behalf of Plaintiff Federal Trade Commission. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit)(Related document(s) 41 ) (Wong, Helen) Modified on 9/27/2014 to correct document association. (Diefenbach, Tracy). (Attachment 19 replaced on 10/3/2014) (Baldwin, Joella). (Attachment 20 replaced on 10/3/2014) (Baldwin, Joella). (Entered: 09/27/2014) |
| 09/28/2014 | 43 | | Emergency MOTION to intervene filed by Noah K. Wood on behalf of Kyle Alexander, Dylan Symington. Suggestions in opposition/response due by 10/17/2014 unless otherwise directed by the court. (Attorney Noah K. Wood added to party Kyle Alexander(pty:intv), Attorney Noah K. Wood added to party Dylan Symington(pty:dft))(Wood, Noah) (Entered: 09/28/2014) |
| 09/28/2014 | 44 | | SUGGESTIONS in support re 43 Emergency MOTION to intervene filed by Noah K. Wood on behalf of Intervenor Kyle Alexander, Defendant Dylan |

| | | | |
|---|---|---|---|
| | | | Symington. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(Related document(s) 43 ) (Wood, Noah) (Entered: 09/28/2014) |
| 09/28/2014 | 45 | | MOTION for temporary restraining order *Extension* filed by Teresa N. Kosmidis on behalf of Federal Trade Commission. Suggestions in opposition/response due by 10/17/2014 unless otherwise directed by the court. (Kosmidis, Teresa) (Entered: 09/28/2014) |
| 09/29/2014 | 46 | | Minute Entry. Proceedings held before District Judge Brian C. Wimes: SHOW CAUSE HEARING held on 9/29/2014; order to issue. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641. (Baldwin, Joella) (Entered: 09/29/2014) |
| 09/30/2014 | 47 | | IT IS ORDERED Plaintiffs Motion To Extend Temporary Restraining Order (Doc. #45) is GRANTED. The temporary restraining order is extended until October 3, 2014, at 9:00 A.M. unless otherwise ordered by the Court. Signed on 9/30/14 by District Judge Brian C. Wimes. (Baldwin, Joella) (Entered: 09/30/2014) |
| 10/01/2014 | 48 | | Joint MOTION for release of funds *from Frozen Assets* filed by Kersten Holzhueter on behalf of Eric L. Johnson. Suggestions in opposition/response due by 10/20/2014 unless otherwise directed by the court. (Holzhueter, Kersten) (Entered: 10/01/2014) |
| 10/01/2014 | 49 | | ORDER granting 48 motion for release of funds. Signed on 10/1/14 by District Judge Brian C. Wimes. (Baldwin, Joella) (Entered: 10/01/2014) |
| 10/01/2014 | 50 | | NOTICE of appearance by Aristotle N. Rodopoulos on behalf of Kyle Alexander, Dylan Symington (Attorney Aristotle N. Rodopoulos added to party Kyle Alexander(pty:intv), Attorney Aristotle N. Rodopoulos added to party Dylan Symington(pty:intv))(Rodopoulos, Aristotle) (Entered: 10/01/2014) |
| 10/01/2014 | 51 | | SUGGESTIONS in opposition re 43 Emergency MOTION to intervene filed by Helen Wong on behalf of Plaintiff Federal Trade Commission. Reply suggestions due by 10/20/2014 unless otherwise directed by the court (Related document(s) 43 ) (Wong, Helen) (Entered: 10/01/2014) |
| 10/02/2014 | 52 | | REPLY SUGGESTIONS to motion re 43 Emergency MOTION to intervene filed by Noah K. Wood on behalf of Intervenor Parties Kyle Alexander, Dylan Symington. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Related document(s) 43 ) (Wood, Noah) (Entered: 10/02/2014) |
| 10/02/2014 | 53 | | NOTICE OF HEARING – This is the official notice for this hearing. Telephone Conference set for 10/3/2014 at 10:30 a.m., before District Judge Brian C. Wimes. Parties have been provided call–in numbers via e–mail.(Baldwin, Joella) (Entered: 10/02/2014) |
| 10/02/2014 | 54 | | STIPULATED INTERIM ORDER. Signed on 10/2/14 by District Judge Brian C. Wimes. (Baldwin, Joella) (Entered: 10/02/2014) |
| 10/03/2014 | 55 | | Minute Entry. Proceedings held before District Judge Brian C. Wimes: TELEPHONE CONFERENCE held on 10/3/2014. Order to issue. To order a transcript of this hearing please contact Gayle Wambolt, 816–512–5641. (Baldwin, Joella) (Entered: 10/03/2014) |

Appellate Case: 14-3286    Page: 9    Date Filed: 10/14/2014 Entry ID: 4206069

| | | | |
|---|---|---|---|
| 10/03/2014 | 56 | | STIPULATION *for Limited Relief from Asset Freeze* by Sonny Vleisides. (Foster, Michael) (Entered: 10/03/2014) |
| 10/03/2014 | 57 | | STIPULATION *for Limited Relief of Asset Freeze* by Darla Drake. (Foster, Michael) (Entered: 10/03/2014) |
| 10/03/2014 | 58 | | ***Remark: Previously sealed exhibit attachments (19 & 20) to Doc. # 42 have been replaced with redacted versions and sealed access lifted at the request of counsel. (Baldwin, Joella) (Entered: 10/03/2014) |
| 10/03/2014 | 59 | 11 | IT IS ORDERED Kyle Alexander and Dylan Symingtons Emergency Motion to Intervene (Doc. #43) is DENIED. Signed on 10/3/14 by District Judge Brian C. Wimes. (Baldwin, Joella) (Entered: 10/03/2014) |
| 10/03/2014 | 60 | | Emergency MOTION to lift stay *To Permit Compliance with an Order Issued by the United States District Court for the District of Kansas* filed by Noah K. Wood on behalf of Kyle Alexander, Dylan Symington. Suggestions in opposition/response due by 10/20/2014 unless otherwise directed by the court. (Wood, Noah) (Entered: 10/03/2014) |
| 10/03/2014 | 61 | | SUGGESTIONS in support re 60 Emergency MOTION to lift stay *To Permit Compliance with an Order Issued by the United States District Court for the District of Kansas* filed by Noah K. Wood on behalf of Intervenor Parties Kyle Alexander, Dylan Symington. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Related document(s) 60 ) (Wood, Noah) (Entered: 10/03/2014) |
| 10/03/2014 | 62 | 15 | NOTICE OF APPEAL as to 59 Order on Motion to Intervene by Kyle Alexander, Dylan Symington. Filing fee $ 505, receipt number 0866–4112818. (Attachments: # 1 Exhibit 1)(Wood, Noah) (Entered: 10/03/2014) |
| 10/06/2014 | 63 | 21 | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document 62 Notice of Appeal. (Crespo, Wil) (Entered: 10/06/2014) |
| 10/06/2014 | 64 | 22 | IT IS ORDERED Alexander and Symingtons Emergency Motion for Relief from Stay to Permit Compliance with an Order Issued by the United States District Court for the District of Kansas (Doc. #60) is GRANTED. Signed on 10/6/14 by District Judge Brian C. Wimes. (Baldwin, Joella) (Entered: 10/06/2014) |
| 10/06/2014 | 65 | | ***Remark: The Court acknowledges Doc. # 57 STIPULATION for Limited Relief of Asset Freeze by Darla Drake, and Doc. # 56 STIPULATION for Limited Relief from Asset Freeze by Sonny Vleisides. (Baldwin, Joella) (Entered: 10/06/2014) |

Appellate Case: 14-3286    Page: 10    Date Filed: 10/14/2014 Entry ID: 4206069

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

FEDERAL TRADE COMMISSION,            )
                                     )
                    Plaintiff,       )
                                     )
v.                                   )        Case No. 4:14-CV-00815-BCW
                                     )
BF LABS, INC., et al.,               )
                                     )
                    Defendants.      )

## ORDER

Kyle Alexander and Dylan Symington move to intervene in this action by right and by permission pursuant to Federal Rule of Civil Procedure 24 (Doc. #43). For the following reasons, the Court denies the motion.

## I.      BACKGROUND

Alexander and Symington filed a class action lawsuit against Defendant BF Labs ("BFL") in March 2014 in the United States District Court for the District of Kansas ("Kansas lawsuit"). Their complaint challenges BFL's business practices in connection with the marketing and sale of Bitcoin mining machines. The Kansas lawsuit is pending and is in the discovery phase.

Based on similar complaints from consumers, the FTC filed the instant lawsuit in September 2014 seeking a permanent injunction and other equitable relief based on violations of Section 5(a) of the Federal Trade Act. The FTC sought a temporary restraining order ("TRO") that included an asset freeze, appointment of a receiver, and a stay preventing all persons (including non-parties) from continuing any suit against Defendants. The Court granted the TRO

1

Case 4:14-cv-00815-BCW   Document 59   Filed 10/03/14   Page 1 of 6   Oct 6 2014 p 11
Appellate Case: 14-3286   Page: 11   Date Filed: 10/14/2014 Entry ID: 4206069

and, subsequently, granted the parties' stipulated interim order that included several of the same provisions.

After the TRO was issued but before the Court granted the parties' stipulated interim order, Alexander and Symington filed the instant motion to intervene and request emergency review. The FTC filed an opposition, and Alexander and Symington filed a reply. The Court heard oral argument by telephone on October 3, 2014.

## II. ANALYSIS

### A. The Court denies intervention as of right.

Alexander and Symington initially seek intervention as of right. Under Federal Rule of Civil Procedure 24(a), a party is entitled to intervene as of right if: (1) it claims an interest relating to the subject of the action; (2) the disposition of the action may impair or impede its ability to protect its interest; and (3) its interest is not adequately represented by existing parties. Fed. R. Civ. P. 24(a)(2); Little Rock Sch. Dist. v. N. Little Rock Sch. Dist., 378 F.3d 774, 780 (8th Cir. 2004). The party seeking to intervene must establish all three elements. Id.

The Court begins by analyzing the third element. To determine whether representation is adequate, courts compare the "interests of the proposed intervenor with the interests of the current parties to the action." Id. (internal quotation omitted). The party seeking to intervene generally need only make a minimal showing that the representation "may be" inadequate, but the "burden is greater if the named party is a government entity that represents interests common to the public." Id. In such cases, courts presume the government entity adequately represents the public, and the party seeking to intervene must "make a strong showing of inadequate representation . . . ." Id.

Case 4:14-cv-00815-BCW   Document 59   Filed 10/03/14   Page 2 of 6Oct 6 2014 p 12
Appellate Case: 14-3286   Page: 12   Date Filed: 10/14/2014 Entry ID: 4206069

The Court finds that Alexander and Symington currently fail to overcome this presumption. They argue that the "remedies sought by the FTC conflict with, frustrate, and deny remedies available to consumers . . . ." Doc. #44 at 11. Alexander and Symington also contend the FTC does not adequately represent them because it lacks an attorney-client privilege with consumers and "has no fiduciary duty to act in any particular consumer's best interest." Id.

Nothwithstanding these arguments, the Court concludes that the FTC will adequately protect their interests. The FTC's actions to date have effectively preserved Defendants' assets, thereby protecting the interests of all consumers.[1] See FTC v. First Capital Consumer Membership, 206 F.R.D. 358, 365 (W.D.N.Y. 2001) (finding adequate representation); FTC v. Med. Resorts Int'l, Inc., 199 F.R.D. 601, 607–08 (N.D. Ill. 2001) (same). The Court also considered Alexander and Symington's additional arguments on this element—which are generally disagreements with the FTC's litigation strategy—and finds them unpersuasive. See Little Rock, 378 at 781 (noting that different procedural choices do not make an interest distinct). Because the Court concludes that Alexander and Symington have not demonstrated the third element, the Court denies intervention as of right.

### B. **The Court denies permissive intervention.**

Alexander and Symington also seek permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B). This rule allows the court to permit a party to intervene who "has a claim or defense that shares with the main action a common question of law or fact." The decision to grant or deny permissive intervention is "wholly discretionary," and the principal consideration "is whether the proposed intervention would unduly delay or prejudice the adjudication of the

---

[1] Alexander and Symington also ignore that the stipulated interim order, which the Court issued on October 2, 2014, directs the Temporary Receiver to "[c]onserve, hold, and manage all Receivership assets, and perform all acts necessary and advisable to preserve the value of those assets, in order to prevent any irreparable loss, damage, or injury to consumers or to creditors of the Receivership Defendants . . . ." Doc. #54 at 13.

3

parties' rights." <u>South Dakota ex rel. Barnett v. U.S. Dep't of Interior</u>, 317 F.3d 783, 787 (8th Cir. 2003).

Exercising its discretion, the Court denies permissive intervention at this time. This case is in the early stages and there is a lot of activity to be done within the next few months. The Court is concerned that permissive intervention at this point would take a significant amount of additional time with minimal benefit to the proceedings. <u>See, e.g.</u>, <u>LaSalle Group Inc. v. Veterans Enter. Tech. Servs.</u>, No. 11-CV-3517-DGK, 2012 WL 1113320, at *5 (W.D. Mo. Apr. 2, 2012) (expressing concern that intervention will take additional time and "make the proceeding a Donnybrook Fair"). The Court additionally finds Alexander and Symington's concerns too remote at this stage of the proceedings to justify intervention.

The Court denies the instant motion without prejudice. As the case progresses and issues become more concrete, Alexander and Symington can seek leave to intervene (as of right or permission) to the extent necessary and proper. Accordingly, it is hereby

ORDERED Kyle Alexander and Dylan Symington's Emergency Motion to Intervene (Doc. #43) is DENIED.

IT IS SO ORDERED.


DATED: <u>October 3, 2014</u>          <u>/s/ Brian C. Wimes</u>
                                      JUDGE BRIAN C. WIMES
                                      UNITED STATES DISTRICT COURT

4

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-cv-00815-BCW |
| | ) | |
| BF LABS INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF APPEAL TO THE UNITED STATES
## COURT OF APPEALS FOR THE EIGHTH CIRCUIT

Notice is hereby given that Kyle Alexander and Dylan Symington, on behalf of themselves and all those similarly situated, as the class representatives in the action *Alexander et al. v. BF Labs, Inc.*, hereby appeal to the United States Court of Appeals for the Eighth Circuit from an order (attached as **Exhibit 1**) denying their Motion to Intervene under Rule 24(a) entered in this action on the 3rd day of October, 2014. *See South Dakota ex rel Barnett v. U.S. Dept. of Interior*, 317 F.3d 783, 785 (8th Cir. 2003) ("The denial of a motion to intervene of right is immediately appealable as a final judgment.").

Date: <u>October 3, 2014</u>  Respectfully submitted,

WOOD LAW FIRM, LLC

By <u>  /s/  Noah K. Wood  </u>
Noah K. Wood                 MO #51249
noah@woodlaw.com
Ari N. Rodopoulos            MO #58777
ari@woodlaw.com
1100 Main Street, Suite 1800
Kansas City, MO 64105-5171
T: (816) 256-3582
F: (816) 337-4243
*Attorneys Alexander and Symington*

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2014, I electronically filed the foregoing document using CM/ECF which served a copy of the foregoing document on the following counsel of record:

| | |
|---|---|
| Helen Wong, DC Bar # 997800<br>Teresa N. Kosmidis, NY Bar# 4533824<br>Leah Frazier, DC Bar# 492540<br>Federal Trade Commission<br>600 Pennsylvania Ave., N.W.<br>Mail Stop CC-10232<br>Washington, D.C. 20580<br>202-326-3779 (Wong)<br>202-326-3216 (Kosmidis)<br>202-326-2187 (Frazier)<br>Facsimile: 202-326-3768<br>hwong@ftc.gov<br>tkosmidis@ftc.gov<br>lfrazier@ftc.gov<br><br>Charles M. Thomas, MO Bar #28522<br>Assistant United States Attorney<br>Charles Evans Whittaker Courthouse<br>400 East Ninth Street, Room 5510<br>Kansas City, MO 64106<br>Telephone: (816) 426-3130<br>Facsimile: (816) 426-3165<br>E-mail: charles.thomas@usdoj.gov<br><br>*Attorneys for Federal Trade Commission*<br><br>Bryant T. Lamer<br>Kersten L. Holzhueter<br>Andrea M. Chase<br>Katie Jo Wheeler<br>Spencer Fane Britt & Browne LLP<br>1000 Walnut Street, Suite 1400<br>Kansas City MO 64106<br>816-474-8100<br>blamer@spencerfane.com<br>kholzheuter@spencerfane.com<br>achase@spencerfane.com<br>kwheeler@spencerfane.com<br><br>*Attorneys for Receiver Eric L. Johnson* | James M. Humphrey, MO # 50200<br>Michael S. Foster, MO # 61205<br>Miriam E. Bailey, MO # 60366<br>POLSINELLI PC<br>900 W. 48th Place, Suite 900<br>Kansas City, Missouri 64112-1895<br>Telephone: (816) 753-1000<br>Facsimile: (816) 753-1536<br>jhumphrey@polsinelli.com<br>mfoster@polsinelli.com<br>mbailey@polsinelli.com<br><br>Braden M. Perry, MO # 53865<br>KENNYHERTZ PERRY LLC<br>420 Nichols Road, Suite 207<br>Kansas City, MO 64112<br>Direct: 816-527-9445<br>Mobile: 913-488-4882<br>Fax: 855-844-2914<br>braden@kennyhertzperry.com<br><br>*Attorneys for Defendant BF Labs Inc.,*<br>*Darla Drake, Nasser Ghoseiri, and Sonny*<br>*Vleisides* |

Federal Trade Commission v. BF Labs Inc., et al.
*Notice of Appeal*

2

Case 4:14-cv-00815-BCW   Document 62   Filed 10/03/14   Page 2 of 2 Oct 6 2014 p 16
Appellate Case: 14-3286   Page: 16   Date Filed: 10/14/2014 Entry ID: 4206069

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-CV-00815-BCW |
| | ) | |
| BF LABS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Kyle Alexander and Dylan Symington move to intervene in this action by right and by permission pursuant to Federal Rule of Civil Procedure 24 (Doc. #43). For the following reasons, the Court denies the motion.

## I.    BACKGROUND

Alexander and Symington filed a class action lawsuit against Defendant BF Labs ("BFL") in March 2014 in the United States District Court for the District of Kansas ("Kansas lawsuit"). Their complaint challenges BFL's business practices in connection with the marketing and sale of Bitcoin mining machines. The Kansas lawsuit is pending and is in the discovery phase.

Based on similar complaints from consumers, the FTC filed the instant lawsuit in September 2014 seeking a permanent injunction and other equitable relief based on violations of Section 5(a) of the Federal Trade Act. The FTC sought a temporary restraining order ("TRO") that included an asset freeze, appointment of a receiver, and a stay preventing all persons (including non-parties) from continuing any suit against Defendants. The Court granted the TRO

1

and, subsequently, granted the parties' stipulated interim order that included several of the same provisions.

After the TRO was issued but before the Court granted the parties' stipulated interim order, Alexander and Symington filed the instant motion to intervene and request emergency review. The FTC filed an opposition, and Alexander and Symington filed a reply. The Court heard oral argument by telephone on October 3, 2014.

## II.    ANALYSIS

### A.  The Court denies intervention as of right.

Alexander and Symington initially seek intervention as of right. Under Federal Rule of Civil Procedure 24(a), a party is entitled to intervene as of right if: (1) it claims an interest relating to the subject of the action; (2) the disposition of the action may impair or impede its ability to protect its interest; and (3) its interest is not adequately represented by existing parties. Fed. R. Civ. P. 24(a)(2); Little Rock Sch. Dist. v. N. Little Rock Sch. Dist., 378 F.3d 774, 780 (8th Cir. 2004). The party seeking to intervene must establish all three elements. Id.

The Court begins by analyzing the third element. To determine whether representation is adequate, courts compare the "interests of the proposed intervenor with the interests of the current parties to the action." Id. (internal quotation omitted). The party seeking to intervene generally need only make a minimal showing that the representation "may be" inadequate, but the "burden is greater if the named party is a government entity that represents interests common to the public." Id. In such cases, courts presume the government entity adequately represents the public, and the party seeking to intervene must "make a strong showing of inadequate representation . . . ." Id.

Case 4:14-cv-00815-BCW   Document 62-1   Filed 10/07/14   Page 2 of 4   Oct 6 2014 p 18
Appellate Case: 14-3286     Page: 18     Date Filed: 10/14/2014 Entry ID: 4206069

The Court finds that Alexander and Symington currently fail to overcome this presumption. They argue that the "remedies sought by the FTC conflict with, frustrate, and deny remedies available to consumers . . . ." Doc. #44 at 11. Alexander and Symington also contend the FTC does not adequately represent them because it lacks an attorney-client privilege with consumers and "has no fiduciary duty to act in any particular consumer's best interest." Id.

Nothwithstanding these arguments, the Court concludes that the FTC will adequately protect their interests. The FTC's actions to date have effectively preserved Defendants' assets, thereby protecting the interests of all consumers.[1] See FTC v. First Capital Consumer Membership, 206 F.R.D. 358, 365 (W.D.N.Y. 2001) (finding adequate representation); FTC v. Med. Resorts Int'l, Inc., 199 F.R.D. 601, 607–08 (N.D. Ill. 2001) (same). The Court also considered Alexander and Symington's additional arguments on this element—which are generally disagreements with the FTC's litigation strategy—and finds them unpersuasive. See Little Rock, 378 at 781 (noting that different procedural choices do not make an interest distinct). Because the Court concludes that Alexander and Symington have not demonstrated the third element, the Court denies intervention as of right.

### B. The Court denies permissive intervention.

Alexander and Symington also seek permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B). This rule allows the court to permit a party to intervene who "has a claim or defense that shares with the main action a common question of law or fact." The decision to grant or deny permissive intervention is "wholly discretionary," and the principal consideration "is whether the proposed intervention would unduly delay or prejudice the adjudication of the

---

[1]    Alexander and Symington also ignore that the stipulated interim order, which the Court issued on October 2, 2014, directs the Temporary Receiver to "[c]onserve, hold, and manage all Receivership assets, and perform all acts necessary and advisable to preserve the value of those assets, in order to prevent any irreparable loss, damage, or injury to consumers or to creditors of the Receivership Defendants . . . ." Doc. #54 at 13.

3

parties' rights." <u>South Dakota ex rel. Barnett v. U.S. Dep't of Interior</u>, 317 F.3d 783, 787 (8th Cir. 2003).

Exercising its discretion, the Court denies permissive intervention at this time. This case is in the early stages and there is a lot of activity to be done within the next few months. The Court is concerned that permissive intervention at this point would take a significant amount of additional time with minimal benefit to the proceedings. <u>See, e.g.</u>, <u>LaSalle Group Inc. v. Veterans Enter. Tech. Servs.</u>, No. 11-CV-3517-DGK, 2012 WL 1113320, at *5 (W.D. Mo. Apr. 2, 2012) (expressing concern that intervention will take additional time and "make the proceeding a Donnybrook Fair"). The Court additionally finds Alexander and Symington's concerns too remote at this stage of the proceedings to justify intervention.

The Court denies the instant motion without prejudice. As the case progresses and issues become more concrete, Alexander and Symington can seek leave to intervene (as of right or permission) to the extent necessary and proper. Accordingly, it is hereby

ORDERED Kyle Alexander and Dylan Symington's Emergency Motion to Intervene (Doc. #43) is DENIED.

IT IS SO ORDERED.


DATED: <u>October 3, 2014</u>                    <u>/s/ Brian C. Wimes</u>
                                                JUDGE BRIAN C. WIMES
                                                UNITED STATES DISTRICT COURT

4

# MISSOURI WESTERN DISTRICT - **KANSAS CITY**

Please note any additions or deletions to the style of the case from the style listed on the docket sheet (or attach an amended docket sheet with the final style of the case).

---

Case Caption: Federal Trade Commission v. BF Labs, Inc. et al

Case No.   14-cv-00815-BCW

---

Appellant: **Kyle Alexander & Dylan Symington**

Appellee:   **Federal Trade Commission**

Appellant's Attorney(s):

**Noah K. Wood**
1100 Main, Suite 1800
Kansas City, MO 64105-5171
(816)256-3582
Fax: (816)337-4243
Email: noah@woodlaw.com

Appellee's Attorney(s):

**Charles M. Thomas**
United States Attorney's Office
Western District of Missouri
400 E. 9th St.
Room 5510
Kansas City, MO 64106
(816) 426-3130
Fax: (816) 426-3165
Email: charles.thomas@usdoj.gov

Court Reporter(s):

Gayle Wambolt, Denise Halasey

Please return files and documents to:
**United States District Court**
**400 East 9th Street, Room 1510**
**Kansas City, MO   64106**

Contact Person for Appeal:
**Willie Crespo**  816-512-5068

---

| Length of Trial: 0 | Fee: $505 | IFP: No | Pending IFP Motion: No |
| Counsel: Retained | Pending Motions? No | Local Interest? **No** | Simultaneous Release? **No** |

---

**Special Comments:** This is an interlocutory appeal.

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-CV-00815-BCW |
| | ) | |
| BF LABS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Kyle Alexander and Dylan Symington move for relief from the stay provisions of the

Court's October 2, 2014 order so that they can comply with an order issued by the United States

District Court for the District of Kansas in <u>Alexander v. BF Labs, Inc.</u>, No. 14-CV-2159-KHV-

JPO (Doc. #60). This Court's October 2, 2014 order states that:

> Except by leave of this Court . . . Defendants and all other persons
> and entities be and hereby are stayed from taking any action to
> establish or enforce any claim, right, or interest for, against, on
> behalf of, in, or in the name of, the Receivership Defendant . . .
> including, but not limited to . . . [c]ommencing, prosecuting,
> continuing, entering, or enforcing any suit or proceeding . . . .

Doc. #54 at 26. The Court included this provision based in part on the concerns that additional

litigation would significantly interfere with the Receiver's ability to perform its duties, would

divert estate resources to litigation, and would interfere with this Court's ability to adjudicate the

complex lawsuit currently pending before it. The stay is not intended to be endless but is merely

a temporary stay to give the Receiver and the parties an opportunity to gather necessary

information and present it to this Court.

Despite these concerns, the Court finds that Alexander and Symington's instant motion

should be granted. To the extent this motion is necessary, the Court concludes the limited relief

1

they seek (e.g., responding to the order in the District of Kansas lawsuit) is necessary, will not result in substantial injury to the parties, and will not significantly upset the Court's goals in entering the stay.  Accordingly, it is hereby

ORDERED Alexander and Symington's Emergency Motion for Relief from Stay to Permit Compliance with an Order Issued by the United States District Court for the District of Kansas (Doc. #60) is GRANTED.

IT IS SO ORDERED.


DATED: <u>October 6, 2014</u>                         <u>/s/ Brian C. Wimes         </u>
                                                      JUDGE BRIAN C. WIMES
                                                      UNITED STATES DISTRICT COURT

2